Tayior, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The only question made by this record, is, had the County Court a right and power to lay a tax for building a court-house. This question is answered, as to the power, by the several acts of 1741, c. 33, of 1795, c. 433, and 1816, c. 911, which confer its exercise on the County Courts. There is no ground for the constitü-
 
 *409
 
 iional
 
 objection;
 
 for the people of the State have not 44 been taxed.without the consent of themselves, or their representatives in General Assembly, freely given.” Where a tax is to bear on all the citizens of the State, or on all the property of the State, for general and public purposes, the Legislature can best judge of the amount to be assessed, and of tlie proportion in which it ought to be
 
 collected;
 
 and this power they have accordingly exercised themselves, without exception.
 

 But the County Courts can best judge of the public local wants of their respective counties, and the resources of their citizens ; and, as these vary with almost every county in the State, the power of limited taxation is necessarily, and most conveniently confided to them. Without it, it would be difficult, if not impossible, to conduct the affairs of the
 
 State;
 
 and its undisputed exercise for nearly a century, amidst a people watchful of tlieir rights, and never backward in resisting a lawless power, is a strong proof, not merely of its benefit to the community, hut of the correctness of its principle. After an acquiescence so complete, no Court would declare an act unconstitutional, with any evidence short of that, producing perfect conviction.